### RICHT OF APPEAL FROM THE INDUSTRIAL COMMISSION.

Court of Appeals for Cuyahoga County.

SAMUEL HOOGENBOOM v. INDUSTRIAL COMMISSION OF OHIO.

Decided, June 1, 1915.

*Workmen's Compensation Act—Construction of Section 27, Relating to the Right of Appeal.*

A workman who suffers an injury while in the employ of one who has not complied with the provisions of the workmen's compensation act has. no right of appeal from the determination of the State Liability Board of Awards on his application for compensation on account of such injury.

*Harry F. Payer,* for plaintiff in error.
*Cyrus Locher,* Prosecuting Attorney, contra.

MEALS, J.

Error to the court of common pleas.

The plaintiff sustained certain injuries while in the employ of the Cleveland Co-Operative Stove Company, which company had not complied with the provisions of the Ohio Workmen's Compensation Act.

In pursuance of the provisions of Section 27 of the Compensation Act (Vol. 103 Ohio Laws, page 82), the plaintiff filed an application with the State Liability Board of Awards for compensation, in accordance with the terms of said act. Section 27 is as follows:

"Section 27. Any employee whose employer has failed to comply with the provisions of Section 22 hereof, who has been injured in the course of his employment, wheresoever such injury has occurred, and which was not purposely self-inflicted, or his dependents in case death has ensued, may, in lieu of proceeding against his employer by civil action in the courts, as provided in the last preceding section, file his application with the state liability board of awards for compensation in accordance with the terms of this act, and the board shall

hear and determine such application in like manner as in other claims before the board; and the amount of compensation which said board may ascertain and determine to be due to such injured employee, or to his dependents in case death has ensued, shall be paid by such employer to the person entitled thereto within ten days after receiving notice of the amount thereof as fixed and determined by the board; and in the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, within said period of ten days, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which with an added penalty of fifty per centum may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same.  And any employee whose employer has elected to pay compensation to his injured, or to the dependents of his killed employees in accordance with the provisions of Section 22 hereof, may, in the event of the failure of his employer to so pay such compensation or furnish such medical, surgical, nursing and hospital services and attention or funeral expenses, file his application with the state liability board of awards for the purpose of having the amount of such compensation and such medical, surgical, nursing and hospital services and attention or funeral expenses determined; and thereupon like proceedings shall be had before the board and with like effect as hereinbefore provided.''

The Industrial Commission rejected plaintiff's claim on the ground that ''the proof submitted by applicant does not establish 'the fact that applicant received an injury while in the course of employment; and the proof submitted by the applicant does not establish the fact that applicant's disability as shown in his application, was caused by an injury sustained in the course of his employment.''

Thereafter, the plaintiff filed an appeal from the determination of the commission in the court of common pleas, claiming the right so to do by virtue of the provisions of Section 43 of said act.  Section 43 is as follows:

''Section 43.  The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final.  Provided, however, in case the final action of such board denies the right of the claimant to

participate at all in such fund on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty days after the notice of the final action of such board, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted, be entitled to a trial in the ordinary way and be entitled to a jury if he demands it. In such a proceeding, the prosecuting attorney of the county, without additional compensation, shall represent the state liability board of awards and he shall be notified by the clerk forthwith of the filing of such appeal.

"Within thirty days after filing his appeal, the applicant shall file a petition in the ordinary form against such board as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant; and if they determine the right in his favor, shall fix his compensation within the limits under the rules prescribed in this act; and any final judgment so obtained shall be paid by the state liability board of awards out of the state insurance fund in the same manner as such awards are paid by such board."

The defendant filed a demurrer to the plaintiff's petition filed in the appeal, which demurrer was sustained.

The act relates to and embraces both employers who do and those who do not comply with the provisions of the act. Thus, two classes of employers are contemplated in the act. Section 27 of the act relates to the class which has failed to comply with the provisions of the act. An employee of this class is given an election of remedies for injuries sustained in the course of his employment. He may proceed against his employer by civil action in court, or, in lieu thereof, he may "file his application with the State Liability Board of Awards for compensation in accordance with the terms of the act, and the board shall hear and determine such application for compensation in like manner as in other claims before the board; and the amount of compensation which said board may ascertain and determine to be due to such injured employee, or to his dependents in case death has ensued, shall be paid by such employer to the person entitled thereto

within ten days after receiving notice of the amount thereof as fixed and determined by the board; and in the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto within said period of ten days, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which with an added penalty of fifty per centum may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same," etc.

Obviously, therefore, if an employee of this class elects to file his application with the State Liability Board of Awards for compensation, he may have his claim for damages against his employer liquidated, and if not paid as provided in the act, "may recover the amount thereof, with an added penalty of fifty per centum in an action in the name of the state for his benefit." He is not, however, by this section or any other of the act, given a right to have "the amount of compensation which said board may ascertain and determine to be due such injured employee, or to his dependents in case death has ensued," paid out of the insurance fund created by the act; and nowhere in the act is an employee of this class given the right of appeal from the determination of the board.

Section 43 of the act relates to the class of employers who *have* complied with the provisions of the act, and contributed to the insurance fund created by the act. And Section 23 of the act provides that an employer who has complied with the provisions of the act "shall not be liable to respond in damages, at common law or by statute, for an injury or death of any employee, wheresoever occurring, during the period covered by such premiums as he has been required to pay into the state insurance fund."

An employee of this class has but one remedy for injury sustained by him in the course of his employment; that is, to file his application with the State Liability Board of Awards for compensation to be paid out of the state insurance fund. and the decision of the board thereon is final, provided, however, "in case the final action of the board denies the right of the

claimant to participate at all in such fund on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant'' shall have the right of appeal from the determination to the court of common pleas.

From this we think it clear that the right of appeal is given only to the employees of this class.

We conclude, therefore, that the demurrer was properly sustained, and the judgment is affirmed.

GRANT, J., and CARPENTER, J., concur.